Robert O. AKERS and Katie Akers, Appellants,

v.

CITY OF GRAND PRAIRIE, Appellee.

No. 19664.

Court of Civil Appeals of Texas, Dallas.

Aug. 11, 1978.

whether we dismiss the appeal under rule 415 is discretionary, rather than mandatory, and because appellee will in no way be prejudiced by granting an extension to appellants, we exercise our discretion under rule 415 and overrule appellee's motion to dismiss the appeal. We also grant appellants' motion for an extension of time to file their brief until July 24, 1978, and order it be filed.

Appellants admit that the delay in filing their briefs resulted from their misreading of the rules. In this respect, appellants calculated the time for filing their brief in this court from the last date permitted for filing their transcript, rather than from the date that the transcript was actually filed. The transcript was actually filed on May 19, although it was not required by the rules to be filed until June 24. Since rule 414 requires the appellant's brief to be filed within thirty days after the filing of the transcript, appellants' brief was due on June 19, not thirty days from June 24, which was the last day allowed for filing the transcript. On July 5, appellants filed their motion requesting us to extend the time for filing their brief, asserting that this miscalculation was not discovered until July 3 and that appellants' counsel's secretary, who was unaware of the miscalculation, is absent from work, thus rendering it impossible for the brief to be typed and filed before July 24, which is the date that the brief would have been due had the transcript been filed on the last date permitted by the rules.

Appellee argues that appellants' lack of familiarity with rule 414 which specifies the time for filing appellant's brief is not "good cause" for failing to comply with the rule nor is the lack of stenographic help a sufficient excuse citing *Assembly of God Church of Tahoka v. Bradley*, 196 S.W.2d 696, 697 (Tex.Civ.App.—Amarillo 1946, no writ); *Lee v. Owen*, 404 S.W.2d 84 (Tex.Civ. App.—San Antonio 1966, no writ); *Continental Oil Company v. Dobie*, 552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). We agree with appellee that no good cause has been shown, but we decline to dismiss the appeal. Although rule 414 states that "upon good cause

Scott W. Hudson, Dallas, for appellants.

R. Clayton Hutchins, City Atty., Grand Prairie, for appellee.

AKIN, Justice.

Appellants have filed a motion to extend the time within which to file their brief. Appellee has responded to this motion with a motion to dismiss the appeal because appellants' brief was not filed within the time required by Texas Rules of Civil Procedure rule 414 and because rule 415 provides for dismissal of an appeal unless good cause is shown by an appellant for failing to timely file his brief. Because the question of

shown, the Court of Civil Appeals *may* grant either or both parties further time for filing their respective briefs," we do not regard the exercise of our discretion in permitting the time to be extended to be predicated solely upon a strict showing of "good cause". Indeed, rule 414 must be read in conjunction with rule 415. *Hoke v. Poser*, 384 S.W.2d 335, 336 (Tex.1964). Rule 415 provides:

> When the appellant has failed to file his brief in the time prescribed, *the appellate court may dismiss the appeal for want of prosecution*, unless good cause is shown for such failure and that appellee has not suffered material injury thereby. *The court may, however, decline to dismiss the appeal*, whereupon it shall give such direction to the cause as it may deem proper. (Emphasis added)

As we read this rule, a court of civil appeals may dismiss an appeal only if no good cause is shown; however, the court has discretion to refuse to dismiss an appeal. *Hoke v. Poser, supra.* Thus, the language "unless good cause is shown" merely establishes the standard determining when the court may dismiss an appeal.

The supreme court in *Hoke v. Poser*, 384 S.W.2d 335, 336 (Tex.1964), rejected an argument similar to that advanced here by appellee. In that case, the court of civil appeals had overruled a motion to strike appellant's brief and to dismiss the appeal on the ground that no good cause had been shown for a late filing of an appellant's brief. In rejecting this argument, the supreme court stated:

> Impliedly Rule 414 standing alone would hardly vest in the Court of Civil Appeals any discretion to allow the filing of the appellant's brief more than thirty days after the filing of the statement of facts except upon a showing of good cause. But the two rules must be read together. Rule 415 authorizes the Court of Civil Appeals to dismiss the appeal for want of prosecution when appellant has failed to file his brief in the time prescribed in Rule 414, unless good cause to excuse that failure is shown and the opposing party has not suffered material injury thereby. *However, the last sentence in Rule 415, by its very clear and unambiguous terms, confers a broad discretion upon the court to decline to dismiss the appeal in any event.* (Emphasis added)

The supreme court went on to hold that the Houston Court of Civil Appeals was not required as a matter of law to dismiss the appeal for want of prosecution where no good cause was alleged by appellant for the late filing of appellant's brief.

■ In our view, and in keeping with the objective and spirit of the Rules of Civil Procedure, this discretion granted by rule 415 should be exercised judiciously. The practice in this court is to set cases for submission and oral argument in the order in which the cases are filed, without waiting until appellant's brief is filed. Normally, a short delay in filing appellant's brief does not delay the submission or reduce the time for filing appellee's brief. Our clerk has advised us that no such delay will result in this case. Consequently, we fail to perceive how appellee could be prejudiced. Accordingly, appellants' motion for an extension of time to file their brief is granted and appellee's motion to dismiss the appeal is denied.