**MARTINEZ BROTHERS TRUCKING COMPANY, INC. and Humberto Martinez, Appellants,**

v.

**Ben H. PAVLU, Appellee.**

**No. 1425.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 28, 1978.

Steven John Gilbert, Van Slyke & Gilbert, Richmond, for appellants.

Donald N. Bendy, Shuart & Bendy, Eagle Lake, for appellee.

## OPINION

PER CURIAM.

Appellants perfected their appeal from a default judgment rendered against them in the 329th District Court of Wharton County in cause number 22,166–R. They timely filed their transcript in this Court and appellee filed a transcription of the hearing on appellant-defendants' motion to set aside the default judgment.

Appellants have not tendered the $25.00 filing fee as required by Rule 388a, T.R.C.P. They have also failed to file a brief or a motion requesting an extension of time to file such brief. Although Rule 414 requires appellants' brief to be filed no later than 30 days after the record is filed, the Court may grant an extension of time upon a showing of good cause for the delay. Rule 415 permits the appellate court to dismiss the cause for want of prosecution (when the appellant fails to file his brief within the prescribed time), unless good cause is shown and that appellee has not suffered material injury thereby.

Rules 414 and 415, when read together, confer broad discretion on courts of civil appeals to dismiss or retain a cause when an appellant fails to timely file a brief. The breadth of this discretion was discussed by the Supreme Court in *Hoke v. Poser*, 384 S.W.2d 335 (Tex.Sup.1964). See also *Akers v. City of Grand Prairie*, 572 S.W.2d 22 (Tex.Civ.App.—Dallas 1978, no writ). It is our opinion that the burden rests on the appellant to come forward with facts showing good cause for filing a brief late and at the same time to show that appellee has not suffered material injury by the delay. Ordinarily, an appellant should allege facts to meet these burdens in a motion to extend time to file his brief. If no motion is filed or if the facts asserted in a motion are contested, this Court allows the appellant ample opportunity to comply with the rules. We do this with notice to all parties that the Court plans to dismiss appellant's case unless the appellant appears at a hearing and shows cause why the case should not be dismissed.

In this case, the Clerk of this Court notified the attorneys for all parties on December 14, 1978, that the case would be dismissed on December 28, 1978, unless the appellant appeared and showed cause why it should not be dismissed for want of prosecution. The hearing was set for 9:00 a. m. on December 28. No one representing appellants appeared or answered on that date.

Accordingly, the cause is hereby dismissed for want of prosecution because the appellants failed to tender the filing fee and also failed to file a brief. See *Gerdes v. First National Bank at Brownsville*, 557 S.W.2d 840 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Continental Oil Co. v. Dobie*,

552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Thomas v. Billingsley & Stracener*, 425 S.W.2d 661 (Tex.Civ.App.—Tyler 1968, no writ); Rules 388a, 414 and 415, T.R.C.P.

Appeal dismissed.