**AWAD TEXAS ENTERPRISES, INC., et al., Appellants,**

v.

**HOMART DEVELOPMENT CO., Appellee.**

No. 20056.

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1979.

Bill Walls, Dallas, for appellants.

Dale E. McMahon, Dallas, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

STOREY, Justice.

The lessee, Awad Texas Enterprises, Inc., appeals from a judgment awarding the lessor, Homart Development Co., damages for breach of a commercial lease. Because the individual defendant, Amine Awad, guaranteed the corporation's performance of the

lease, his liability is dependent upon the corporate defendant's liability under the lease. Despite its occupancy of the leased premises, lessee contends the lease never became effective because it was never delivered after its execution by the lessor, and because certain conditions precedent were not performed by the parties. We hold that delivery in this case was not essential to the validity of the lease, and that the "conditions" were promises which the trial court was authorized to find either were not made or were waived. Consequently, we affirm.

## MOTION FOR LEAVE TO FILE APPELLEE'S BRIEF

Before discussing the merits of this case, we must consider appellee's motion for leave to file its brief. Appellants urge that appellee's brief, filed a few hours prior to oral argument, should not be considered by this court, because it was not filed within the time prescribed by Tex.R. Civ.P. 414. Appellants further urge that plaintiff failed to show good cause for the late filing, and that they have been materially harmed as a result. We reject these contentions. Rule 414 is discretionary in that this court "may" grant either party further time for filing briefs, and courts of civil appeals are given broad discretion regarding the time for the filing of briefs. *Johnston Sales Co. v. Lizana*, 508 S.W.2d 693, 695 (Tex.Civ.App.—San Antonio 1974, no writ). A strict showing of good cause is not necessary. *Akers v. City of Grand Prairie*, 572 S.W.2d 22, 23 (Tex.Civ.App.—Dallas 1978, no writ). In this case, appellee cites "secretarial error" as reason for the untimely filing. Although this reason is tenuous, and we disapprove of this practice, we cannot say that appellants were harmed by the delay because we granted appellants ample time to prepare and file a reply brief. We permitted late filing of appellee's brief because it may aid our disposition of this appeal.

## MERITS

The case was tried before the court, and no findings of fact or conclusions of law were requested or filed. The trial court's judgment, therefore, if supported by evidence, implies all necessary fact findings in its support. In reviewing the record to determine if evidence exists to support the judgment, we need consider only that evidence favorable to the judgment, disregarding all evidence or inferences to the contrary. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 918 (Tex.1978); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950) (quoting *Austin v. Cochran*, 2 S.W.2d 831, 832 (Tex.Com.App.1928, judgmt. adopted)).

Lessee first contends that the lease was never effective because the executed instrument was not delivered after it was signed by the lessor. The lease instrument was a lengthy printed form, titled "HOMART DEVELOPMENT CO. LEASE," containing blanks for insertion of the lessee's name, description of the premises, lease term, use and rentals. The agreement was negotiated on behalf of the lessee by Robert Welch, its president, and signed by him on September 20, 1973. At the time of signing, a telephone call was made by lessor's agent to lessor's home office in Chicago in the presence of Welch, and approval was given to the terms of the lease. It is conceded, however, that the lease was not to become effective until signed by lessor's representative at its home office. While the date of execution by lessor's home office is not shown in the record, it was signed and returned to its agent either before or during lessee's occupancy of the premises. Lessor's agent testified without contradiction that he attempted to make delivery of the signed lease during the period of lessee's occupancy of the premises but was advised by an employee of the lessee that Welch was the only person authorized to accept delivery.

While it is the general rule that delivery of a written contract is essential to its validity, delivery may not be required if the instrument itself is silent on the question and the parties by their acts demonstrate a contrary intent. Delivery may be

proved by acts or words showing that the parties intended the contract to become effective, and the question of delivery is a mixed one of law and fact to be determined by the trier of fact. *Scroggins v. Roper*, 548 S.W.2d 779, 780 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). *See also City of Fort Worth v. Barlow*, 313 S.W.2d 906, 915 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.). Manual delivery is not essential to validity. *See Henry v. Phillips*, 105 Tex. 459, 151 S.W. 533, 536 (1912); *DeGrassi v. DeGrassi*, 533 S.W.2d 81, 85–6 (Tex.Civ.App. —Amarillo 1976, writ ref'd n.r.e.). We hold, in this case, that delivery is immaterial because the parties treated the lease as being in effect upon execution by the lessee. The lessee paid the rent for the first month and occupied the premises on October 5, 1973, and continued to occupy the leased area until some time in November 1973, when it abandoned the premises and refused to pay further rents. We conclude that these undisputed facts support an implied finding that the parties did not intend delivery of the lease to be essential to its validity. *Scroggins*, 548 S.W.2d at 779–80.

Lessee further contends that the parties' failure to perform certain conditions prevented the lease from becoming enforceable. These conditions, according to lessee, were as follows: the failure of lessor's home office to approve the lease, lessor's failure to submit it to lessee's lawyer for approval and lessee's failure to furnish plaintiff a financial statement.

The only testimony tendered by lessee was that of Amine Awad, its principal shareholder and guarantor of the lease. It is unclear from the record whether Awad was present during negotiations immediately preceding the signing of the lease by Welch and the verbal approval of its terms by lessor's home office. He testified that he "understood" that there would be no lease agreement unless he furnished a personal financial statement to lessor's home office. He further testified that he saw lessor's agent some time prior to signing the lease and told him that unless his attorney first approved the lease, it would not be binding. In later testimony, however, Awad stated that he had not personally talked to lessor's agent but had overheard Welch tell the agent that the lease must be approved by lessee's attorney. As previously noted, the record is clear that lessor's home office representative signed the lease prior to or during lessee's occupancy. The facts concerning the financial statement and the attorney's approval, which lessee contends on appeal to be conditions precedent, were disputed in the evidence and the written lease agreement contains no reference to them. Under these facts, the trial court was authorized to consider these to be promises rather than conditions and to find, as its judgment implies, that even if made, they either were not intended to be essential to the validity of the agreement or were waived by both parties. Where the intent of the parties is doubtful, an agreement will be interpreted as creating a covenant rather than a condition, and whether a certain provision is a condition rather than a promise must be gathered from the contract as a whole and from the intent of the parties. Where there is doubt, a provision must be construed as a promise rather than a condition. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *Sirtex Oil Industries, Inc. v. Erigan*, 403 S.W.2d 784, 787 (Tex.1966); *Henshaw, et al. v. Texas Natural Resources Foundation*, 147 Tex. 436, 216 S.W.2d 566, 570 (1949). Further, these provisions asserted by lessee were alleged in its pleadings to be representations rather than conditions. To contend for the first time on appeal that they were conditions is improper, because this would be an attempt to change the theory upon which the case was presented in the trial court. *Simmons and Simmons Construction Company, Inc. v. Rea*, 155 Tex. 353, 286 S.W.2d 415, 417 (1955).

Judgment affirmed.